1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAUL GARZA,

11            Plaintiff,                        No. 2:12-cv-2332 KJN P

12        vs.

13   MARK ENOS, et al.,

14            Defendants.                       ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19   and Local Rule 302.  Plaintiff consented to proceed before the undersigned for all purposes.  See

20   28 U.S.C. § 636(c).

21            Plaintiff has submitted a declaration that makes the showing required by

22   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.[1]

23   ////

24   _____

25        [1] On October 2, 2012, plaintiff filed a motion for extension of time in which to submit
     his request to proceed in forma pauperis.  (Dkt. No. 7.)  However, on October 10, 2012, plaintiff
     timely filed his request to proceed in forma pauperis.  (Dkt. No. 8.)  Accordingly, plaintiff's
26   request for extension of time is denied as moot.

                                            1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

////

1    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

2    plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

3    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

4    Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

5    (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

6    than "a formulaic recitation of the elements of a cause of action;" it must contain factual

7    allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

8    "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

9    notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551

10   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

11   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

12   as true the allegations of the complaint in question,  id., and construe the pleading in the light

13   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

14   grounds, Davis v. Scherer, 468 U.S. 183 (1984).

15       Plaintiff claims that he was subjected to cruel and unusual punishment, in

16   violation of the Eighth Amendment, on November 12, 2011, during a cell extraction.  Plaintiff

17   alleges defendant Enos required plaintiff to submit to a body strip search, and to an escort in

18   restraints without allowing plaintiff to put his clothing back on.  Plaintiff claims he was escorted

19   in view of all other staff and inmates, wearing only hand and leg restraints and a spit mask.

20   Plaintiff also alleges that defendants Gibb, Fillipello and Saradeth violated plaintiff's rights by

21   hog-tying plaintiff by using an extra pair of leg restraints between the hand and leg restraints

22   already applied to plaintiff while plaintiff remained naked.  Plaintiff concedes he was hog-tied

23   for being resistive on the floor and was resistive during the naked escort, and that he remained

24   hog-tied until plaintiff complied with orders, for about 5 to 10 minutes.  Plaintiff suffered

25   "discomfort breathing."  (Dkt. No. 1 at 4.)  Plaintiff contends that defendant Ybarra participated

26   in the "incident" by ordering and enforcing these orders.  (Id.)

1        In addition, plaintiff contends defendant Knipp was notified on December 18,

2  2011, of this "incident of sexual misconduct" through plaintiff's inmate appeal, and that

3  defendant Lozano was notified on April 3, 2012, of the incident through the inmate appeals

4  process.  Plaintiff contends neither Knipp nor Lozano took any steps to "fix the problem."  (Dkt.

5  No. 1 at 5.)

6        The Civil Rights Act under which this action was filed provides as follows:

7        Every person who, under color of [state law] . . . subjects, or causes
         to be subjected, any citizen of the United States . . . to the
8        deprivation of any rights, privileges, or immunities secured by the
         Constitution . . . shall be liable to the party injured in an action at
9        law, suit in equity, or other proper proceeding for redress.

10  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

11  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

12  Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

13  § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

14  (no affirmative link between the incidents of police misconduct and the adoption of any plan or

15  policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

16  another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an

17  affirmative act, participates in another's affirmative acts or omits to perform an act which he is

18  legally required to do that causes the deprivation of which complaint is made."  Johnson v.

19  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

20        Moreover, supervisory personnel are generally not liable under § 1983 for the

21  actions of their employees under a theory of respondeat superior and, therefore, when a named

22  defendant holds a supervisorial position, the causal link between him and the claimed

23  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

24  (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.

25  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where

26  there is no evidence of personal participation).  Vague and conclusory allegations concerning the

4

1  involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

2  of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

3  personal participation is insufficient).

4          The Eighth Amendment prohibits the imposition of cruel and unusual

5  punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards,

6  humanity and decency.'"  Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v.

7  Bishop, 404 F.2d 571, 579 (8th Cir. 1968)).  A prison official violates the Eighth Amendment

8  only when two requirements are met:  (1) the objective requirement that the deprivation is

9  "sufficiently serious," Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter,

10  501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a

11  "sufficiently culpable state of mind," Farmer, 511 U.S. at 834 (quoting Wilson, 501 U.S. at 298).

12  The objective requirement that the deprivation be "sufficiently serious" is met where the prison

13  official's act or omission results in the denial of "the minimal civilized measure of life's

14  necessities."  Farmer, 511 U.S. at 834. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

15  The subjective requirement that the prison official has a "sufficiently culpable state of mind" is

16  met where the prison official acts with "deliberate indifference" to inmate health or safety.  Id.

17  (quoting Wilson, 501 U.S. at 302-03).  A prison official acts with deliberate indifference when

18  the official "knows of and disregards an excessive risk to inmate health or safety."  Id. at 837.

19  "[T]he official must both be aware of facts from which the inference could be drawn that a

20  substantial risk of serious harm exists, and he must also draw the inference."  Id.

21          A prisoner has the right to be free from cruel and unusual punishment, including

22  physical abuse by guards.  Whenever prison officials stand accused of using excessive physical

23  force in violation of the Eighth Amendment, the core judicial inquiry is whether force was

24  applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

25  cause harm.  Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312,

26  317 (1986)).  In determining whether the use of force was for the purpose of maintaining or

restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may

evaluate the need for application of force, the relationship between that need and the amount of

force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible

officials, and any efforts made to temper the severity of a forceful response.  See Hudson, 503

U.S. at 7.

In the instant complaint, plaintiff alleges no facts addressing each defendant's

state of mind.  Plaintiff does not allege what prompted the threatened cell extraction, and

provides no facts demonstrating that defendant Enos acted with a culpable state of mind.

Further, plaintiff concedes that he was "hog-tied" for "being resistive on the floor and resistive

during the naked escort."  (Dkt. No. 1 at 4.)  Thus, absent additional facts suggesting a culpable

frame of mind, plaintiff's resistance suggests correctional officers Gibb, Fillipello, and Saradeth

acted to restore order, rather than to inflict punishment.  Plaintiff concedes he was restrained in

hog-tied fashion for a brief period of time, 5 to 10 minutes, and experienced discomfort in his

breathing.  (Id.)  Plaintiff fails to demonstrate a substantial risk of harm existed during this brief

period of restraint.

It is unclear whether plaintiff can allege facts demonstrating a cognizable civil

rights claim as to defendant Ybarra.  Plaintiff claims that defendant Ybarra directly participated

in "the incident" by ordering and enforcing these procedures, and watching to make sure "it" was

done. (Dkt. No. 4.)  It is unclear whether defendant Ybarra ordered the naked escort, was present

while defendant Enos was ordering plaintiff to strip out, or whether defendant Ybarra was only

present when plaintiff was allegedly hog-tied.  Plaintiff alleges no facts demonstrating defendant

Ybarra acted with a culpable state of mind.

Also, plaintiff's claims as to defendants Knipp and Lozano are unavailing.

Plaintiff alleges these defendants became aware of the November 12, 2011 incident through

plaintiff's grievances filed after the incident.  Plaintiff appears to allege that defendants Knipp

and Lozano are liable based solely on their role in the inmate grievance process.  However,

6

prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances.  See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb.2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Williams v. Cate, 2009 WL 3789597 at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Plaintiff argues that defendants Lozano and Knipp failed to do anything to fix the problem.  However, by the time defendants Lozano and Knipp became aware of the November 12, 2011 incident, these defendants could take no steps to rectify the alleged misconduct. Moreover, plaintiff concedes that defendants Lozano and Knipp confirmed that staff did not violate any CDCR policy during the November 12, 2011 incident.  (Dkt. No. 1 at 4, 5.)  An official reviewing an inmate's appeal does not cause or contribute to a completed constitutional violation that occurs in the past.  See George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not").  Here, the November 12, 2011 incident was long completed by the time defendants Lozano and Knipp reviewed plaintiff's appeals concerning the incident.

Therefore, plaintiff cannot state a cognizable civil rights claim against defendants Lozano and Knipp, and should not include defendants Lozano and Knipp in any amended complaint.

1         Finally, in connection with his claims as to defendant Knipp, plaintiff describes

2  the November 12, 2011 incident as an "incident of sexual misconduct."  (Dkt. No. 1 at 4.)

3  However, plaintiff alleges no facts suggesting that this incident involved sexual misconduct.

4         Accordingly, the court finds the allegations in plaintiff's complaint so vague and

5  conclusory that it is unable to determine whether the current action is frivolous or fails to state a

6  claim for relief.  The court has determined that the complaint does not contain a short and plain

7  statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

8  pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

9  succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

10  allege with at least some degree of particularity overt acts which defendants engaged in that

11  support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

12  R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

13  an amended complaint.

14         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

15  conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

16  Rizzo, 423 U.S. at 371.  Also, the complaint must allege in specific terms how each named

17  defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some

18  affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.;

19  May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Duffy, 588 F.2d at 743.  Furthermore, vague

20  and conclusory allegations of official participation in civil rights violations are not sufficient.

21  Ivey, 673 F.2d at 268.

22         In addition, plaintiff is hereby informed that the court cannot refer to a prior

23  pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

24  an amended complaint be complete in itself without reference to any prior pleading.  This

25  requirement exists because, as a general rule, an amended complaint supersedes the original

26  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

1  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

2  amended complaint, as in an original complaint, each claim and the involvement of each

3  defendant must be sufficiently alleged.

4              In accordance with the above, IT IS HEREBY ORDERED that:

5              1.  Plaintiff's October 2, 2012 motion for extension of time (dkt. no. 7) is denied;

6              2.  Plaintiff's request for leave to proceed in forma pauperis is granted.

7              3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

8  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

9  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

10  Director of the California Department of Corrections and Rehabilitation filed concurrently

11  herewith.

12              4.  Plaintiff's complaint is dismissed.

13              5.  Within thirty days from the date of this order, plaintiff shall complete the

14  attached Notice of Amendment and submit the following documents to the court:

15                  a.  The completed Notice of Amendment; and

16                  b.  An original and one copy of the Amended Complaint.

17  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

18  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

19  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

20  Failure to file an amended complaint in accordance with this order may result in the dismissal of

21  this action.

22  DATED:  October 15, 2012

23

24                                          _____

25                                          KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE

26  garz2332.14

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10    RAUL GARZA,

11            Plaintiff,                    No. 2:12-cv-2332 KJN P

12        vs.

13    MARK ENOS, et al.                    NOTICE OF AMENDMENT

14            Defendants.

15    _____/

16            Plaintiff hereby submits the following document in compliance with the court's

17    order filed _____:

18            _____        Amended Complaint

19    DATED:

20

21                                    _____

22                                    Plaintiff

23

24

25

26