1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAUL GARZA,                                    No. 2:12-cv-2332 KJN P

12                    Plaintiff,

13        v.                                         ORDER SETTING SETTLEMENT
                                                     CONFERENCE
14    MARK ENOS, et al.,

15                    Defendants.

16

17        Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with a civil rights

18    action pursuant to 42 U.S.C. § 1983.  The court has determined that this case would benefit from

19    a settlement conference; therefore, this case will be referred to Magistrate Judge Dale A. Drozd

20    for the court's Settlement Week program to conduct a settlement conference at the U. S. District

21    Court, 501 I Street, Sacramento, California 95814 in Courtroom #27 on June 12, 2014, at 9:00

22    a.m.

23        A separate order and writ of habeas corpus ad testificandum will issue concurrently with

24    this order.

25        In accordance with the above, IT IS HEREBY ORDERED that:

26        1.  This case is set for a settlement conference before the Honorable Dale A. Drozd on

27            June 12, 2014, at 9:00 a.m., at the U. S. District Court, 501 I Street, Sacramento,

28
                                                1

1    California 95814 in Courtroom #27.

2    2.   A representative with full and unlimited authority to negotiate and enter into a binding

3         settlement shall attend in person.[1]

4    3.   Those in attendance must be prepared to discuss the claims, defenses and damages.

5         The failure of any counsel, party or authorized person subject to this order to appear in

6         person may result in the imposition of sanctions.  In addition, the conference will not

7         proceed and will be reset to another date.

8    4.   The parties are directed to submit their confidential settlement conference statements

9         to the Court using the following email address: dadorders@caed.uscourts.gov and file

10        a Notice of Submission of Confidential Settlement Statement (See L.R. 270(d)).  If a

11        party desires to share additional confidential information with the Court, they may do

12        so pursuant to the provisions of Local Rule 270(d) and (e).  Statements are due at least

13        7 days prior to the Settlement Conference.

14   Dated:  May 8, 2014

15

16   _____
     KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

17

18   .

19

20           .

21   _____
     [1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the
     authority to order parties, including the federal government, to participate in mandatory settlement

22   conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051,
     1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory

23   settlement conference[s].").  The term "full authority to settle" means that the individuals attending the
     mediation conference must be authorized to fully explore settlement options and to agree at that time to any

24   settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648,
     653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993).

25   The individual with full authority to settle must also have "unfettered discretion and authority" to change the
     settlement position of the party, if appropriate.  Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz.

26   2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003).  The
     purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of

27   the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to
     settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full

28   authority to settle.  Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28